IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **MICHAEL L. MACGOWAN, JR.,** | § | |
| | § | |
| V. | § | NO. A-10-CA-232-LY |
| | § | |
| **COLORADO GOVERNOR BILL** | § | |
| **RITTER, et. al.** | § | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE LEE YEAKEL
       UNITED STATES DISTRICT JUDGE

Before the Court are Defendant John Schumacher's Motion to Dismiss (Clerk's Doc. No. 5), and Defendant Governor Bill Ritter's Motion to Dismiss (Clerk's Doc. No. 10). On May 14, 2010, the District Judge referred the foregoing to the undersigned Magistrate Judge for a Report and Recommendation. After reviewing the parties' briefs, relevant law, as well as the entire case file, the undersigned issues the following Report and Recommendation.

**I.  BACKGROUND**

On April 2, 2010, Plaintiff Michael Macgowan filed suit against his ex-wife, Beverly Debus, the Governor of Colorado, Bill Ritter, and the principal of Marble Falls Middle School, John Schumacher, for events relating to a domestic dispute between he and his ex-wife. Though his claims are not entirely clear, Plaintiff states that he is bringing suit pursuant to 42 U.S.C. § 1983 for violations of his constitutional rights. Defendants Ritter and Shumacher have filed motions to dismiss, arguing that the claims against them should be dismissed for a variety of reasons. Each motion will be considered in turn.

## II.  SCHUMACHER'S MOTION TO DISMISS

In Defendant Schumacher's motion to dismiss, Shumacher argues that the allegations in the complaint fail to show a constitutional violation, and that he is entitled to qualified immunity because he acted reasonably in permitting Defendant Debus to withdraw her child pursuant to a verified court order.

The doctrine of qualified immunity protects government officials "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). "Qualified immunity balances two important interests—the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably."  *Pearson v. Callahan*, 129 S.Ct. 808, 815 (2009).  "[W]hether an official protected by qualified immunity may be held personally liable for an allegedly unlawful official action generally turns on the 'objective legal reasonableness' of the action, assessed in light of the legal rules that were 'clearly established' at the time it was taken." *Anderson v. Creighton*, 483 U.S. 635, 639 (1987) (internal citations omitted).

Schumacher argues that there is no clearly established right or law that Schumacher violated; he merely permitted Debus to withdraw her child from school pursuant to a court order. Furthermore, even if the Colorado court order granting Debus the right of possession of her son were invalid or illegal as plaintiff now claims in this lawsuit, there was no reason or way for Schumacher to determine that.  Because he was complying with a court order, and because releasing a child to his parent pursuant to a court order does not violate a clearly established right, Shumacher argues he is entitled to qualified immunity.  The undersigned agrees.  In fact, this is precisely the type of

case where qualified immunity is needed—to protect an official from harassment, distraction, and liability when they perform their duties reasonably. Plaintiff, embroiled in a custody dispute with his ex-wife, has sued the principal of his child's middle school for releasing that child to his mother's custody, pursuant to a court order, and for directing plaintiff to not physically enter school premises while his child was not enrolled at the school. Such actions by a principal are reasonable, and Plaintiff fails to show otherwise. Accordingly, Defendant Shumacher is entitled to qualified immunity, and the claims against him should be dismissed.

### III. RITTER'S MOTION TO DISMISS

Defendant Ritter moves to dismiss the claims against him on several grounds, each of which appear to be meritorious. However, the court need not reach any of them, as it is clear that the court should dismiss the claims against him for lack of personal jurisdiction. "When a nonresident defendant presents a motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing the district court's jurisdiction over the nonresident." *Stuart v. Spademan*, 772 F.2d 1185, 1192 (5th Cir. 1985). If the district court rules without an evidentiary hearing, the plaintiff need only make a prima facie case that personal jurisdiction exists. *Johnston v. Multidata Systems Intern. Corp.*, 523 F.3d 602, 609 (5th Cir. 2008). In this case, Plaintiff has plainly failed to establish a prima facie case that the court has personal jurisdiction over Defendant Ritter. Plaintiff has alleged no facts that show Ritter directed any activity toward Texas, nor has he alleged that Ritter engaged in any activity in Texas. All of the acts of which Plaintiff complains occurred in Colorado. Thus, the court should grant Defendant Ritter's motion to dismiss for lack of personal jurisdiction.

## VI.  RECOMMENDATION

Based on the foregoing, the undersigned Magistrate Judge **RECOMMENDS** that the District Judge **GRANT** both Defendant John Schumacher's Motion to Dismiss (Clerk's Doc. No. 5), and Defendant Governor Bill Ritter's Motion to Dismiss (Clerk's Doc. No. 10).

## VII.  WARNINGS

The parties may file objections to this Report and Recommendation.  A party filing objections must specifically identify the findings or recommendations to which objections are being made.  The District Judge need not consider frivolous, conclusive, or general objections.  *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

Failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after service of the Report shall bar that party from *de novo* review by the District Judge of the proposed findings and recommendations, and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Judge.  *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150–53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).  To the extent that a party has not been served by the Clerk with this Report electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 24th day of May, 2010.

_____

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE